The ESTATE OF Ronald Edward PIER-SON, Deceased, by Robert J. EWBANK, Administrator, Plaintiff,

v.

Mary Beth PIERSON and Metropolitan Life Insurance Company, Defendants.

No. NA 88–130–C.

United States District Court,
S.D. Indiana,
New Albany Division.

June 28, 1990.

Frank G. Kramer, John F. Stroup, Lawrenceburg, Ind., for plaintiff.

J. Anthony Goebel, New Albany, Ind., for defendants.

ENTRY

DILLIN, District Judge.

This cause is before the Court on cross-motions for summary judgment regarding the rate of prejudgment interest payable on life insurance proceeds. For the following reasons, the plaintiff's motion is granted and the defendants' motion is denied.

*Background*

The decedent, Ronald Edward Pierson (Mr. Pierson), was an employee of the General Motors Corporation (GM). As such, he had coverage under a GM group life insurance policy issued by defendant Metropolitan Life Insurance Company (Metropolitan) as part of GM's Employee Benefit Plan (the Plan). There is no dispute that the Plan was governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA).

On March 26, 1988, Mr. Pierson died as a result of gunshot wounds allegedly inflicted by defendant Mary Beth Pierson, Mr. Pierson's wife and the named beneficiary of the life insurance policy. The plaintiff, the estate of Mr. Pierson, brought this action to recover life insurance proceeds. All issues in this case have been resolved except the rate of prejudgment interest to be paid on the life insurance proceeds.

*Discussion*

■ ERISA preempts state laws which apply to employee benefit plans. ERISA provides as follows:

[T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as

they may now or hereafter relate to any employee benefit plan.... 29 U.S.C. § 1144(a) (1990). Metropolitan argues that this provision preempts Indiana law regulating the rate of interest payable on judgments. Metropolitan cites no authority in which a court applied ERISA to preempt state law regarding interest on judgments.

Metropolitan's argument is unavailing. The Court's research disclosed two cases dealing with interest payable on judgments.[1] *LLC Corporation v. Pension Benefit Guaranty Corporation*, 537 F.Supp. 355, 362 (E.D.Mo.1981) (post-judgment interest); *Gould, Inc. v. Pension Benefit Guaranty*, 589 F.Supp. 164, 168 (S.D.N.Y.1984) (prejudgment interest). *LLC Corporation* involved the distribution of assets which were deposited in an ERISA plan, while *Gould* involved the distribution of a fund which guaranteed a corporation's obligations in settling a dispute over funding of an ERISA plan. *Id.* In both cases, the court held that ERISA did not preempt state laws regulating interest payable on judgments. *Id.* In *Gould*, the court reasoned that "ERISA does not apply in the instant case because relevant state laws only in the most remote and peripheral manner touch upon pension plans." *Gould*, 589 F.Supp. at 168.

The Court adopts this reasoning from *Gould* in the case at hand. Indiana's general statute regulating the rate of interest payable on money judgments relates to pension benefit plans only in a "remote and peripheral manner." Therefore, ERISA does not preempt Indiana law regarding interest payable on judgments.

■ Thus, Indiana law determines the rate of prejudgment interest payable on Pierson's life insurance proceeds. Indiana law provides as follows:

Interest at the rate of eight percent [8%] per annum shall be allowed:

(a) From the date of settlement on money due on any instrument in writing which does not specify a rate of interest and which is not covered by I.C. 24–4.5 or this article....

Ind.Code § 24–4.6–1–103 (1990). Indiana courts have expressly held that this statute is applicable to actions brought on insurance policies. *United Farm Bureau Family Life Ins. v. Fultz*, 176 Ind.App. 217, 375 N.E.2d 601, 611–12 (1978) (life insurance); *Continental Casualty Co. v. Novy*, 437 N.E.2d 1338, 1357 (Ind.App.1982) (disability insurance); *Nationwide Mut. Ins. Co. v. Neville*, 434 N.E.2d 585, 597–98 (Ind.App. 1982) (life insurance); *Town & Country Mut. Ins. Co. v. Savage*, 421 N.E.2d 704, 709 (Ind.App.1981) (casualty insurance).

Metropolitan counters that another Indiana statute applies to set the interest rate at 6% rather than at 8%. The statute cited by Metropolitan applies to Indiana residents who become "entitled to receive payment ... under the terms of a policy of individual insurance" and mandates that the rate of interest payable "shall not be less than the rate set by the insurance company on policy proceeds left on deposit with the company and subject to withdrawal on demand." Ind.Code § 27–1–12–35 (1990) (the latter statute).

Metropolitan's argument does not withstand scrutiny for two reasons. First, the statute cited by Metropolitan does not apply to the case at hand according to its own terms. Rather, the statute expressly applies to proceeds payable under individual life insurance, not under a group plan as in this case. Secondly, payment of 8% interest under Ind.Code § 24–4.6–1–103 does not violate the latter statute even if it applied in this case. Indiana Code § 24–4.6–1–103 mandates interest of 8%, while the latter statute as applied to this case only requires that Metropolitan pay "not less than" 6%. Thus, even if the latter statute applied, it would not dictate a different result.

For the above reasons, the Court grants plaintiff's motion to set the rate of prejudg-

---

1. *See also National Bank of North America v. International Brotherhood of Electrical Workers Local #3, Pension and Vacation Funds*, 69 A.D.2d 679, 419 N.Y.S.2d 127 (1979) (ERISA does not preempt New York statutory procedures governing enforcement of money judgments), *appeal dismissed as moot*, 48 N.Y.2d 752, 422 N.Y.S.2d 666, 397 N.E.2d 1333 (1977).

ment interest on Mr. Pierson's life insurance proceeds at 8%.